IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **Case No. 2:18-cr-20033-JTF** |
| **ANDRES REGALDO,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO SUPPRESS AND MOTION TO SEVER AND DENYING DEFENDANT'S MOTION TO SUPPRESS AND MOTION TO SEVER**

Before the Court is Defendant Andres Regaldo's Motion to Suppress and Motion to Sever, both filed on October 18, 2019. (ECF Nos. 303 & 304.) The Motions were referred to the Magistrate Judge who held a hearing on January 30, 2020. (ECF No. 328.) The Magistrate Judge issued a Report and Recommendation on March 6, 2020 recommending that Defendant's Motion to Suppress and Motion to Sever be denied. (ECF No. 329.) Defendant filed timely objections on March 17, 2020. (ECF No. 330.) The United States filed a Response to Defendant's Objections on March 31, 2020. (ECF No. 332.)

For the following reasons, the Court finds that the Magistrate Judge's Report and Recommendation should be **ADOPTED** and **DENIES** Defendant's Motion to Suppress and Motion to Sever.

**LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts

by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted). Motions to suppress evidence are among the motions in criminal cases that are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A); *U.S. Fid. & Guarantee Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

## FINDINGS OF FACT

In his Report and Recommendation, the Magistrate Judge sets forth proposed findings of fact. (ECF No. 329, 1–10.) Defendant objects to the Magistrate Judge's factual finding that Defendant "traveled to Memphis to attempt to collect money from Named Informant One to pay a drug debt owed to [Defendant's] supplier in April 2018." (*Id.* at 19); (ECF No. 330, 6.) Defendant asserts that this fact is incorrect. Rather, the correct allegation, according to Defendant, is that Defendant traveled to Los Angeles in April 2018 to collect the money from Named Informant One.

This Court has reviewed the affidavit attached to the search warrant for 16734 Crenshaw Boulevard. (ECF No. 313-2.) Paragraph 15 of the affidavit states that Defendant went to Named Informant One's house seeking to collect on a drug debt, and paragraph 8 of the affidavit states that Named Informant One resides in California. The inference can be made that because Named Informant One resides in California, Defendant traveled to California to visit Named Informant One. However, the Magistrate Judge correctly stated that fact in his proposed findings of fact. (ECF No. 329, 7.) The Magistrate Judge incorrectly stated this fact while analyzing the validity of the Crenshaw warrant. Because the Magistrate Judge did not err in stating this fact in the Proposed Findings of Fact section, this Court **DENIES** Defendant's objection and adopts and incorporates the Magistrate Judge's proposed findings of fact.

## ANALYSIS

Defendant raises one additional objection to the Magistrate Judge's Report and Recommendation. Defendant objects to the Magistrate Judge's finding that the search warrant for 16734 Crenshaw Boulevard, in Torrance, California ("Crenshaw warrant"), was supported by probable cause. (ECF No. 330, 3.) The Crenshaw warrant contains evidence that Defendant dealt drugs out of his 2017 residence on Lennox Boulevard, not the Crenshaw residence in which

Defendant lived during 2018. Defendant argues this evidence does not provide probable cause to believe that "evidence related to a crime that took place over a year ago would be located in a home where no one had ever seen records being stored and where no one had seen illegal activity at," and that this evidence is stale. (ECF No. 330, 2–3.)

The Fourth Amendment requires a search warrant to be supported by probable cause. *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006). Probable cause exists when there is "a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005) (citation omitted). When evaluating the existence of probable cause, a court must look at the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). A court's determination of probable cause is limited to "the information [contained] within the four corners of the affidavit supporting the search warrant request." *Jackson*, 470 F.3d at 306. Such an affidavit in support of a search warrant must indicate "a nexus between the place to be searched and the evidence sought." *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004). Additionally, stale information may not be used as the basis for establishing probable cause. *United States v. Brooks*, 594 F.3d 488, 493 (6th Cir. 2010).

The Court agrees with the Magistrate Judge that the Crenshaw warrant contains a sufficient nexus between the Crenshaw residence and the evidence sought—namely, non-narcotic evidence of drug distribution, including bank records, digital devices, paraphernalia, packaging, and firearms. The presence of the cell phone with a number ending in 4568, which is indisputably linked to Defendant as a drug dealer, at the Crenshaw residence creates a nexus between the items sought in the Crenshaw warrant and the Crenshaw residence. Once Defendant moved from his residence at the Lennox Boulevard address to the Crenshaw residence, geo-location information from the cell phone showed that the cell phone is "frequently located at or near" the Crenshaw

residence. (ECF No. 313-2, 82.) Defendant previously used the cell phone to communicate with other participants in the drug distribution ring, which gives reason to believe that the cell phone contained evidence of Defendant's participation. (ECF No. 329, 18). As for whether there is an issue of staleness, the Magistrate Judge reasoned that evidence on cell phones has a "particularly long life span" and it was reasonable to believe Defendant's cell phone still contained evidence of his participation in the drug distribution ring in 2017. (ECF No. 329, 18.) This Court agrees, especially in light of Officer Boeckman's uncontroverted statement that even deleted files from a cell phone "can be recovered months or years later using readily-available forensics tools." (ECF No. 313-2, 86.) Furthermore, as will be explained below, Defendant was engaged in ongoing criminal activity. Evidence of ongoing crime generally defeats a claim of staleness. *United States v. Greene*, 250 F.3d 471, 481 (6th Cir. 2001) (citation omitted). Because there is a sufficient nexus between the Crenshaw residence and the evidence sought in the Crenshaw warrant and because the Crenshaw warrant does not rely on stale evidence, the Court **ADOPTS** the Magistrate Judge's recommendation that the Crenshaw warrant is supported by probable cause.

The Court also agrees with the Magistrate Judge that the information contained in the Crenshaw warrant establishes probable cause that Defendant had not ceased his drug dealing activities at the time the warrant was issued. In April 2018, Defendant visited Named Informant One's house in California, unannounced, to collect a "drug debt" owed by Named Informant One to Defendant.[1] (ECF No. 313-2, 78.) As the Magistrate Judge correctly explained, this demonstrates Defendant's "continued involvement in drug trafficking," even after he moved to the Crenshaw residence. (ECF No. 329, 19.) "When a warrant application presents reliable evidence

---

1 The Magistrate Judge inadvertently stated in his analysis that Defendant traveled to Memphis, rather than to California, to visit Named Informant One. This misstatement does not affect the analysis.

that a drug-trafficking operation is ongoing, 'the lack of a direct known link between the criminal activity and [dealer's] residence, becomes minimal.'" *United States v. McCoy*, 905 F.3d 409, 417 (6th Cir. 2018) (citing *United States v. Newton*, 389 F.3d 631, 635–36 (6th Cir. 2004)).  Based on this minimal requirement and based on reliable, uncontested information contained in the Crenshaw affidavit that Defendant was still attempting to collect drug money in April 2018, this Court **ADOPTS** the Magistrate Judge's recommendation that the Crenshaw warrant was supported by probable cause.

Defendant raises no objections to the Magistrate Judge's recommendation that the Motion to Sever be denied, nor does Defendant object to the recommendation that the Motion to Suppress be denied as to the T-Mobile warrant.  Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation to deny Defendant's Motion to Sever and Defendant's Motion to Suppress the T-Mobile search warrant.

## CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Defendant's Motion to Sever and Motion to Suppress.

**IT IS SO ORDERED** on this 6th day of May, 2020.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge
